```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-60499-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE

EDWARD TIGER,                 :

        Plaintiff,            :

v.                            :         REPORT
                                    OF MAGISTRATE JUDGE
MAX OSCEOLA, JR.,             :

        Defendants.           :
_____
```

## I. Introduction

The plaintiff, Edward Tiger, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The case has been transferred from the Middle District of Florida. The plaintiff paid the Clerk's full filing fee.

This cause is presently before the Court for initial screening of the complaint pursuant to 28 U.S.C. §1915A.

## II. Analysis

Pursuant to 28 U.S.C. §1915A, this Court must review all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6 Cir. 1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). This statute provides, in relevant part:

Sec. 1915A. Screening

   (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

   (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint–

      (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

   (c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should

only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on

its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III. Claims

The plaintiff names as defendants Seminole Indian Council Representative Max Osceola, Jr., Chief of the Seminole Tribe, Mitchell Cupress, Richard Bowers, Vice Chairman of the Seminole Tribal Office and  and Charlie Tiger, Chief of the Seminole Police Department. [2]

The plaintiff alleges that on June 13, 2006, the defendants, in concert with the Broward County Sheriff's Department, authorized his unlawful arrest on the Indian Reservation. The plaintiff admits he committed the offense on the Reservation, and the unconstitutional arrest by Broward County police violated the Seminole Indian Treaty. He states Tribal Officials listed him as a non-tribal member for the purpose of gaining state prosecution[3]. He seeks monetary damages of five hundred million dollars and

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] Actions under 1983 cannot be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law. Evans v McKany, 869 F.2d 1341 (CA9 1989).

[3] BIA may waive sovereign immunity.

4

injunctive relief to force future council members to abide by the Treaty.

### Heck dismissal

Research at the Florida Department of Corrections website indicates that Tiger committed his offense on May 8, 2006. He was convicted on April 13, 2007, of sexual battery in Broward County case no. 06-10555, and sentenced to thirty years incarceration. Tiger's challenges to his state convictions are not cognizable claims in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983.

### IV. Recommendations

1. This complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), and barred by Heck.

    2. This case should be closed.

    Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

    Dated this 7th day of May, 2010.

                                          UNITED STATES MAGISTRATE JUDGE

cc:   Edward Tiger <u>pro Se</u>
      No. 722197
      Hardee CI
      Address of Record